GEORGE OLLISON v. STATE.

No. A-2624. Opinion Filed January 22, 1917.

(162 Pac. 237.)

INTOXICATING LIQUORS—Unlawful Sale—Evidence—Sufficiency. In a prosecution for unlawfully selling intoxicating liquor, the evidence examined, and held sufficient to sustain the verdict, and that no reversible error was committed on the trial.

*Appeal from County Court, Pottawatomie County; Hal. Johnson, Judge.*

George Ollison was convicted of violating the prohibitory law, and he appeals. Affirmed.

*Mark Goode,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. On information filed in the county court of Pottawatomie county charging that he did sell one-half pint of whisky to one Geo. Hines, the plaintiff in error was tried and convicted, and by the judgment of the court he was sentenced to be confined for 60 days in the county jail and to pay a fine of $250 and the costs.

From the judgment an appeal was taken by filing in this court on January 5, 1916, a petition in error with case-made. There was but one witness produced by the state.

G. W. Hines testified that he was deputy sheriff of Lincoln county, and on the day alleged he was at the defendant's place of business in the south part of the city of Shawnee, Pottawatomie county, and there bought from him a half pint of whisky; that by the defendant's direction he gave the money to pay for it to a fellow behind the counter, and the defendant then gave him the whisky.

As a witness in his own behalf, George Ollison testified that he saw the witness Hines at his place of business with other officers who raided his place on the day alleged; that the officers did not find any intoxicating liquors, and he did not sell the witness Hines any whisky.

Leuie Epperson, for the defendant, testified that he was at the defendant's place of business that day from 8:30 in the morning until the officers Carson, Cotterall, and witness Hines came there that evening, and that the witness Hines was not there that forenoon; that he did not go after any liquor for Hines, nor did he take any money for it; that he did not leave the place for a minute that day and did not see the witness Hines until he came with the officers.

After a careful examination and consideration of the testimony in the case, we are not prepared to say that the jury were not warranted in finding the verdict returned by them. The credibility of the witnesses and the weight and value to be given their testimony was a question solely for the jury's determination, and to reverse a judgment on the ground that the verdict is contrary to law and the evidence this court must find as a

matter of law that the evidence is insufficient to warrant the conviction. The instructions fully and fairly presented the law of the case, and we have failed to find any material error in the record. It follows that the judgment must be, and the same is hereby, affirmed.

ARMSTRONG and BRETT, JJ., concur.